IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01839-DME-MEH

AYNGARAN INTERNATIONAL PVT. LTD., a
corporation organized and existing under the laws
of Great Britain,

    Plaintiff,

v.

RAAGA, LLC, a Nevada Limited-Liability Company;
VANITHA SENTHAMARAI KANNAN;
SENTHIL VANKATARAMANI; and
ASV CYBER SOLUTIONS, d/b/a musicindiaonline.com

    Defendants.

## STIPULATED PROTECTIVE ORDER

Plaintiff Ayngaran International Pvt. Ltd. ("Ayngaran") and defendants Raaga, LLC ("Raaga"), Vanitha Senthamarai Kannan and Senthil Vankatamarani (collectively "Defendants"), through their undersigned counsel, hereby submit the following Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c), and request that it be entered as an Order of the Court. In support hereof, the parties state as follows:

The parties are currently engaged in settlement discussions in connection with the above-captioned matter which may include the grant of a license to Raaga, among other things. The terms and conditions of such settlement and license are confidential, and the disclosure of these terms or conditions to any third party that is not a party to this action may be damaging to the business of Raaga and/or Ayngaran. Accordingly, the parties request that the following Stipulation be entered as an order of the Court, which order shall survive and remain in force and effect following the termination of the above-captioned action.

Accordingly, it is hereby ORDERED as follows:

**TERMS AND CONDITIONS**

1. "Confidential information" for purposes of this Stipulation shall include all settlement communications in this matter, whether such communications occurred prior to or after the execution of this Stipulation, and any information exchanged during the course of this action designated by the parties as "Confidential" as provided herein. All Confidential information subject to this Stipulation, whether written, electronic, or otherwise, including the substance or content of any settlement communications, shall be held in confidence by the receiving party and shall not be disclosed, in whole or in part, to any other person who is not a party to this action without the consent of all parties or order of this Court, nor shall such confidential information be used, directly or indirectly, for any purpose other than the litigation and/or resolution of the above-captioned action.

2. Confidential information subject to this Stipulation shall not include any of the following:

    (a) information which at the time of disclosure is in the public domain or which after such disclosure comes into the public domain through no fault of the party receiving such information;

    (b) information which was available to a party on a non-confidential basis from a source other than a party to this action; or

    (c) information which was or can be demonstrated to have been available on a non-confidential basis prior to its disclosure by the producing party.

3. The parties shall be responsible for taking reasonable steps to ensure that all employees, representatives and agents of the parties receiving confidential information subject to this Stipulation have been advised of the confidentiality obligations of this Stipulation and adhere to the terms of this Stipulation as if such persons were signatories hereto.

4. Any communication, or any document exchanged during the course of this action, may be designated as "Confidential" and subject to this Stipulation by the following means:

(a) if the communication or document is written or transmitted electronically, by clearly and conspicuously marking such communication as "Confidential";

(b) if the confidential matter consists of an existing document or other writing to be transmitted to the other party in connection with discovery or disclosures in accordance with the Federal Rules of Civil Procedure, by clearly and conspicuously marking such document as "Confidential" prior to producing such document or making it available to the other party;

(c) if the confidential matter is testimony given in a deposition or trial, by indicating on the record which portions of the testimony shall be deemed confidential;

(d) all communications between counsel concerning the settlement of this matter, including but not limited to any communications regarding the terms of any license that may be granted or proposed in connection with a settlement, whether written, verbal or via electronic means, and the content of such communications, shall be deemed confidential.

5. Any party may challenge the designation by any other party of material as "Confidential" by filing a motion with the Court setting forth the basis of the party's contention

that the material should not be deemed confidential or that there is a need for disclosure of such information that cannot reasonably be satisfied by means other than the disclosure of such information. No such information designated as "Confidential" shall be disclosed or used in any manner inconsistent with this stipulation except upon order of the Court.

6. Any documents designated "Confidential" that are filed with the Court in connection with any pre-trial proceedings (*e.g.*, without limitation, memoranda, declarations or exhibits thereto) must be filed under seal, and designated "Confidential" and "Subject to the Terms and Conditions of a Protective Order."

7. Inadvertent failure to designate information or documents as "Confidential" at the time of production may be remedied by supplemental written designation within 30 days of production. If such supplemental designation is made, the information or documents will thereafter be treated as "Confidential" and subject to the terms of this protective order. Such inadvertent failure shall not be deemed a waiver of a party's claim to confidentiality.

8. Without prejudice to any other rights or remedies the parties may have, the parties acknowledge and agree that money damages would not be an adequate remedy for any breach of this Stipulation and that the non-breaching party shall be entitled to the remedies of preliminary and permanent injunction, without the necessity of a bond, and other equitable relief, for any threatened or actual breach of this Stipulation. In any proceeding to enforce this agreement, the non-breaching party shall be entitled to an award of its necessary costs and attorney's fees, in addition to any other relief that may be available under applicable laws.

9. No failure or delay by any party in exercising any right under this Stipulation shall operate as a waiver thereof, and no modification hereof shall be effective, unless approved by the Court or in writing by the parties.

DONE and made an ORDER of the Court this 1st day of June, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty

United States Magistrate Judge

| GARLIN DRISCOLL HOWARD, LLC | KUTAK ROCK LLP |
|---|---|
| By: *s/ Thomas P. Howard* | By: *s/ Craig N. Johnson* |
| Thomas P. Howard, Esq | Craig N. Johnson, Esq. |
| 245 Century Circle, Suite 101 | 1801 California Street, Suite 3100 |
| Louisville, Colorado 80027 | Denver, Colorado 80202 |
| Telephone: 303-926-4222 | Telephone: 303-297-2400 |
| Facsimile: 303-926-4224 | Facsimile: 303-292-7799 |
| E-Mail: thoward@gdhlaw.com | E-Mail: craig.johnson@kutakrock.com |
| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANT RAAGA, LLC |